GLICKSTEIN, Judge,
concurring specially.
As I understand this pro se appeal from denial of a motion for post conviction relief, which denial was, upon relinquishment of jurisdiction, effectively modified to a partial grant, there are basically two issues: Whether appellant’s written sentence for one of two sets of offenses varied from what the judge announced in court; and whether appellant failed to receive, when he was imprisoned anew for violating his probation, proper credit for time previously served on a split prison/probation sentence.
Inasmuch as appellant is now on probation, I would favor dismissing the appeal as moot, without prejudice. Appellant cannot be affected by the matters on appeal, except, arguably, if he violates his probation. What is arguable will become clearer below.
It does appear from the record furnished on appeal that there was no discrepancy between the oral and written sentences, as appellant claimed. Thus that issue could properly be affirmed. As to the second issue, it is not clear whether appellant received full credit for time actually served during his earlier incarceration, albeit that the trial court upon relinquishment of jurisdiction granted appellant previously earned gain time.
This court presumably may affirm as to the second issue because appellant did not carry his burden of showing on the record that he failed to receive such credit. I prefer dismissal without prejudice as moot, so as to assure that, in the event appellant has reason in the future to try to establish a right to such credit, the issue is not viewed as res judicata.
I do not say that, if appellant was entitled to such credit and failed to receive it, the law requires that he be given this credit at a future time should he violate his present probation. I merely prefer not to foreclose his opportunity to litigate this point, if the circumstance arises.